THE STATE OF OHIO, APPELLEE, *v.* GENTRY, APPELLANT.

(No. 83AP-384—Decided June 23, 1983.)

*Mr. Michael Miller,* prosecuting attorney, for appellee.

*Mr. Michael Gentry, pro se.*

NORRIS, J. Defendant, Michael Gentry, has filed a notice of appeal and motions for leave to file a delayed appeal and for assignment of counsel. The state has filed nothing in response.

App. R. 5(A) requires that defendant's motion state adequate reasons for his failure to perfect an appeal as of right and set forth errors which he claims to have occurred. The motion is to be supported by affidavits or parts of the record upon which defendant relies to show the probability that the errors claimed did, in fact, occur.

As his reason for failure to perfect an appeal as of right, defendant asserts that he was unable to perfect an appeal due to his being indigent, and the failure of the trial court to assign counsel. A defendant charged with a serious offense, who is unable to obtain counsel, is entitled to assigned counsel at every stage of the proceedings through appeal as of right, unless he effectively waives his right to counsel. Crim. R. 44(A). Defendant asserts that he made no such waiver. Although defendant has attached no affidavits or other documentation in support of the merits of his motion for leave to file a delayed appeal, we are required, under the circumstances, to grant defendant's motion for appointment of counsel in order to determine whether or not there is merit in the assertions raised by his motion for leave to appeal. *State* v. *Sims* (1971), 27 Ohio St. 2d 79 [56 O.O.2d 45].

Accordingly, defendant's motion for appointment of counsel is sustained, and the Franklin County Public Defender is designated as counsel for defendant. Appointed counsel shall be conclusively presumed to have determined to proceed with this appeal unless, within seven days from the date of this decision, counsel files an application to withdraw pursuant to R.C. 120.16(D), supported by appropriate indication of lack of arguable merit to this appeal. Determination of the motion for leave to file a delayed appeal is delayed until compliance by appointed counsel with App. R. 5(A) within twenty days from the date of this decision.

*Motion for appointment
of counsel sustained.*

McCORMAC, J., concurs.

MOYER, J., dissents.

MOYER, J., dissenting. I dissent from the majority's disposition of defendant's motion for leave to appeal because defendant has filed neither an affidavit nor any part of the transcript supporting his contention that he was not advised of his right to be represented by publicly funded counsel and of his right to appeal if he was indigent. *State* v. *Sims* (1971), 27 Ohio St. 2d 79 [56 O.O.2d 45], cited by the majority, does not stand for the proposition that a person convicted of a felony may take advantage of App. R. 5(A) without supporting his motion in any way. In *Sims*, the defendant apparently did file an affidavit.

While the opinions of this court are not entirely consistent on the point, I agree with the application of App. R. 5(A) in *State* v. *Batchelor* (Jan. 22, 1981), No. 80AP-694, unreported, and *State* v. *Burton* (May 14, 1981), No. 81AP-150, unreported.

The mandate of App. R. 5(A) is clear, and does not pose a burden upon a person seeking to file a delayed appeal. There is no reason not to require that, as a prerequisite to one's exercise of his right to an appeal to an intermediate court, he at least provide us with an affidavit stating that the errors of which he complains probably did occur. For the foregoing reasons, I would overrule defendant's motion for leave to appeal.