THE STATE OF OHIO, APPELLEE, *v.* KING, APPELLANT.

(No. 84AP-979—Decided December 31, 1984.)

Court of Appeals for Franklin County.

Michael Miller, prosecuting attorney, and Alan C. Travis, for appellee.
Richard F. King, pro se.

NORRIS, J. Defendant, in his motion for leave to file a delayed appeal and for assignment of counsel, filed in affidavit form, requests this court to waive the requirement of App. R. 5(A) that he set forth the errors which he claims were made by the trial court, for the reason that he is a layman who is unable to articulate those errors. In an effort to comply with the requirement of the rule that he set forth the reasons for his failure to perfect an appeal, defendant asserts that he was without counsel to assist him in filing a timely appeal, but goes on to say that "trial counsel stated that he or she would file the Notice and take appropriate steps in appealing the trial court's decision; appellant has only recently learned that these steps were not taken." He further says that he has not knowingly and intelligently waived his right to direct appeal. Defendant also filed an affidavit of indigency.

We note that the motion is made on what is apparently a pre-prepared, "boiler-plate" form, with blank spaces provided in which to fill in the appellate court district and the defendant's name. In his attempt to prepare a form for all occasions, the drafter has omitted the kind of specificity required to comply with App. R. 5(A), and the case law construing that rule.

Although this court has attempted to faithfully implement the direction given it by the Supreme Court in State v. Sims (1971), 27 Ohio St. 2d 79 [56 O.O.2d 45], and its progeny, defendant's motion falls short of satisfying the rules announced by those decisions.

For example, unlike the situation in State v. Gentry (1983), 10 Ohio App. 3d 227, defendant makes no assertion that he was unable to perfect his appeal because he was indigent and the court declined to appoint counsel. And, unlike the situation in State v. Sims, supra, where the defendant maintained that he had not been notified of his right to appeal, here, there is no indication that defendant was unaware of his right to appeal.

We are unwilling to stretch the case law to the point where generalized, boiler-plate language, such as that submitted by defendant, can be said to satisfy the requirements of App. R. 5(A) and of State v. Sims, supra. Accordingly, defendant's motions are overruled.

*Motions overruled.*

McCORMAC, P.J., and WHITESIDE, J., concur.